UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **GREGORY RICARDO CHAPA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:25-CV-00294-KKC-MAS |
| ) | |
| **CEO OF ARAMARK,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

The instant case began in Fayette County Circuit Court (Action No. 25-CI-2734) when Plaintiff Gregory Chapa ("Chapa"), proceeding *pro se*, filed a Complaint alleging violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, violations of his Eighth Amendment rights, and for relief pursuant to 42 U.S.C. § 1983. [DE 1-2]. Shortly thereafter, two Defendants, YesCare, Inc. and Dr. Kevin Pettus, removed the case to federal court on the basis of federal question jurisdiction. [DE 1]. The procedural history beyond this, however, is quite convoluted. The Court attempts to recount it below.

On July 2, 2025, Chapa submitted a handwritten Petition for Declaration of Rights to the Fayette County Circuit Court. Along with it, he filed a Motion to Proceed *In Forma Pauperis*, which was subsequently granted by Judge Kimberly Bunnell. [DE 1-2; PageID# 36]. On July 31, 2025, Chapa submitted another Petition.

Chapa's submissions are difficult to discern and do not make it entirely clear who the named defendants are in this case, but based on this Court's analysis, there seem to be at least five named defendants, including the CEO of Aramark, CEO of Corizon Healthcare, CEO of YesCare, and Dr. Kevin Pettus, among others. Subsequently, on August 20, 2025, YesCare and Pettus removed the action to this Court and filed an Answer in the federal record. [DE 1; DE 4]. There have been no further submissions in the federal case since August 2025. Beyond one certified mail receipt for a mail article addressed to the "CEO of Corizon Healthcare," there is no indication that any of the defendants have been served. [DE 1-2; PageID# 59]. Nor have any other defendants filed an Answer.

Chapa, however, has continued filing documents in the state court case. In December 2025, Chapa filed a handwritten document styled "Notice of Appearance/Request for Disposition."[1] Importantly, in this document Chapa writes, "He is unaware of whether or not the Defendants named in his Petition for Declaratory Judgement have been served with a copy of his pleading before this Court and whether or not this Court has rendered any Judgement in this case." He further explains that he has changed addresses since the filing of the initial pleading in the state case. In sum, the Notice indicates two things: (1) For one reason or another, Chapa has not received filings in the state or federal case, including the Notice of Removal filed by YesCare and Pettus. (2) Chapa is clearly confused as to how or if service was effectuated on Defendants. It appears that he believed that, per his

---

[1] Because the document was filed after the case was removed, it does not appear in the federal record.

pauper status, the circuit court would serve his Petition on the defendants. The Court is understanding of Chapa's confusion, as it likewise is struggling to determine which defendants have been properly served in this action.

Therefore, due to the procedural irregularity and the fact that the original filings are incredibly difficult to follow, this Court directs Chapa to file a ***new*** Complaint using the Pro Se 1 Form. LR 5.3(b). The new Complaint will replace Chapa's prior filings and serve as the operative pleading in this case. The Court will take further steps regarding service of process and screening under 28 U.S.C. § 1915 following Chapa's filing of the Pro Se 1 Form. *See Sasaya v. Earle*, No. 1:11-CV-00628, U.S. Dist. LEXIS 12083, at *22 n.6 (N.D. Ohio Feb. 1, 2012) (explaining that because Plaintiff filed a poverty affidavit in the state trial court before the case was removed, the federal court must "[t]ak[e] all actions from state court as though they had been filed in federal court, [and] the only reasonable equivalency is to deem [Plaintiff] to have proceeded *in forma pauperis*."). Failure to submit the Pro Se 1 Form within the time allotted by this Court may result in the Court's recommendation of dismissal of the instant action for failure to prosecute under Federal Rule of Civil Procedure 41(b). LR 5.3.

Furthermore, Chapa is reminded that it is his responsibility to keep his address current and updated with the Clerk of Court so the Court and opposing parties may contact him. LR 5.3(e). Failure to do so may result in dismissal of his case. LR 5.3(e).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall prepare sufficient copies of the Pro Se 1 Form and instructions for preparing the Form;

2. The Clerk shall send the requested documents and a copy of the Order to both the Plaintiff's address of record and the address provided in Plaintiff's December filing in state court:

    > Gregory Ricardo Chapa
    > P.O. Box 9198
    > Seminole, FL 33775-9198

3. Plaintiff shall file the Pro Se 1 Form within **thirty (30) days of the entry of this Order**.

Signed this the 18th of February, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY